UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-81-TAV-DCP |
| | ) | |
| CITY OF KNOXVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**O R D E R**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1][1] and the Complaint for Violation of Civil Rights [Doc. 2]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915. To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient

---

[1] On March 2, 2026, the Court entered an Order noting that Plaintiff did not submit the correct paperwork [Doc. 6]. He has since done so [*See* Doc. 8].

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.     Summary of the Complaint

Plaintiff utilizes the form complaint for violations of 42 U.S.C. § 1983 [Doc. 2]. He names the City of Knoxville ("City") and Knox County, Tennessee ("County") as Defendants [*Id.* at 3]. In addition, he names three John Does (i.e., John Doe 1, John Doe 2, and John Doe 3) who work for the Knoxville Police Department ("KPD") and three John Does (John Doe 4, John Doe 5, and John Doe 6) who work for the Knox County Sheriff's Office ("KCSO") [*Id.*]. He names the John Does in their individual and official capacities [*Id.*].

2

According to the allegations in the Complaint, on or about March 1, 2025, Plaintiff was traveling on John Sevier Highway toward Chapman Highway in Knox County, Tennessee [*Id.* at 4]. "While still on John Sevier [Highway,] an unknown [KCSO] officer initiated a traffic stop [*Id.*]. Plaintiff states that "a high[-]speed chase ensued involving multiple unknown [KCSO] and [KPD] officers" [*Id.*]. The chase was terminated prior to Plaintiff reaching Chapman Highway [*Id.*]. "Upon arriving on Chapman [Highway] on a side road unfamiliar to him[,]" Plaintiff states that "[n]o officers were behind [him]" [*Id.*]. But officers began their pursuit again a short time later [*Id.*]. Plaintiff states that he "came upon a 'blind' hill on this road and after going over it[,] he came upon a stop sign almost immediately causing him to hit his brakes" [*Id.*]. An officer then "came over the same 'blind' hill at a very high rate of speed slamming into the back of the [P]laintiff's truck" [*Id.*]. This caused Plaintiff multiple injuries [*Id.*]. Plaintiff claims that he was taken to the hospital and diagnosed with "a broken right foot, a broken right femur, multiple broken ribs, a broken jaw, and the loss of multiple teeth" [*Id.* at 5]. Plaintiff had immediate surgery, but his doctors state that he will need additional surgeries [*Id.*].

According to Plaintiff, "Prior to the officers['] use of the excessive/deadly force[,] . . . he never put any innocent bystanders in immediate danger" [*Id.*]. Plaintiff claims that "[t]he officer did use more force than permitted by law when he hit the [P]laintiff from behind" [*Id.*]. In addition, he states that "[t]his force was not reasonable, was intrusive on [P]laintiff, and did violate his rights under the Fourth Amendment" [*Id.*]. He contends, "The officers['] actions against [him] were clearly negligent in nature by their failure to adhere to reasonable policies and procedures and these actions were a direct result of the serious bodily injuries caused to the [P]laintiff" [*Id.* at 6]. Plaintiff states that criminal charges were not pressed against him until "well after the events described [above]" [*Id.*].

Plaintiff seeks compensatory damages in the amount of $750,000 and punitive damages in the amount of $750,000 [*Id.*].

**B.      Screening of the Compliant**

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S.144, 150 (1970).

Plaintiff has alleged that Defendants violated the Fourth Amendment by using excessive force [*See* Doc. 2]. The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. "An officer's use of excessive force violates the Fourth Amendment." *Vanderhoef v. Dixon*, 938 F.3d 271, 276 (6th Cir. 2019).  Under § 1983, however, a plaintiff must allege how each defendant was personally involved in the unconstitutional behavior.  *Byerly v. DeWeese*, No. 1:19-CV-912, 2019 WL 4394133, at *2 (N.D. Ohio Sept. 13, 2019) ("And Defendant Whitney must be dismissed because Plaintiff does not assert any allegations against him whatsoever.  A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior.").

Here, Plaintiff names six John Doe Defendants, but he does not allege how each Defendant was personally involved in the alleged unconstitutional behavior. Indeed, although it is not clear who hit Plaintiff's vehicle, it appears only one officer was involved in that incident [*See* Doc. 2 p. 4]. The Court cannot discern a claim upon which relief may be granted with respect to any of the

4

John Doe Defendants because Plaintiff does not include any facts on how their actions, or lack thereof, violated his rights secured by the Constitution or by federal law. *Nelson v. Ward*, No. CV 7:21-024, 2021 WL 1701397, at \*2 (E.D. Ky. Apr. 29, 2021) (finding that the plaintiff failed to state a claim of relief against the thirty John Doe defendants because the allegations were "made against these defendants as a group, with no particular conduct attributed to any specific individual").

Plaintiff also names the City, the County, and the John Doe Defendants in their official capacity.[2] But a municipality "is not liable for an injury inflicted solely by an employee or agent on a theory of *respondeat superior*." *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at \*3 (E.D. Tenn. Mar. 29, 2016) (citing *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.")). "To state a § 1983 claim against a municipality, Plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation." *Grayson-Bey v. Hutchinson*, No. 2:20-cv-10487, 2020 WL 1047730 (E.D. Mich. 2020) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). Plaintiff does not do so here, and therefore, the claims against them may be subject to dismissal.

Finally, it appears Plaintiff also asserts a state-law negligence claim [*See* Doc. 2 p. 6]. But he does not specify who was negligent, and therefore, he fails to state a negligence claim. To the extent he seeks to sue the City, County, or John Does in their official capacity for negligence, this

---

[2] The official capacity claims are construed against the public entity in which the officer represents. *See Newby v. Sharp*, No. 3:11-CV-534, 2012 WL 1230764, at \*4 (E.D. Tenn. Apr. 12, 2012) ("[A]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." (quoting *Claybrook v. Birchwell,* 199 F.3d 350, 355 n.4 (6th Cir. 2000)).

5

claim may be barred by the Tennessee Governmental Tort Liability Act ("TGTLA"). *See Mosier v. Evans*, 90 F.4th 541, 550–56 (6th Cir. 2024) (finding that the TGTLA barred the plaintiff's claim against the municipality and the defendant in his official capacity because it arose from the alleged violation of his civil rights).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

    a) the names and titles of all [defendants if known];

    b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d) . . . the location where each relevant event occurred;

    e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

    f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot

6

incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **July 8, 2026.**

       **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

7