UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DAVID HAYNES,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:26-CV-81-TAV-DCP |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on a Report and Recommendation ("R&R") issued by United States Magistrate Judge Debra C. Poplin on July 20, 2026 [Doc. 12]. In the R&R, Judge Poplin granted plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 1] but given his status as an inmate in the Knox County Detention Center, assessed him the civil filing fee of $350.00 [Doc. 12, pp. 1–2]. After screening the complaint, Judge Poplin recommends that the Court dismiss the Knox County Sheriff's Department and Tom Spangler as defendants as well as all official capacity claims [*Id.* at 1, 6–7]. Further, Judge Poplin recommends that the Court dismiss plaintiff's Fourteenth Amendment claim but allow plaintiff's Fourth Amendment and negligence claims to proceed against defendant John Doe in his individual capacity [*Id.* at 1, 7–9].

There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b).

After a careful review of the matter, the Court agrees with the magistrate judge's recommendations. Therefore, the Court will accept and adopt the R&R [Doc. 12] in whole, meaning plaintiff's Fourth Amendment claim and negligence claim against defendant John Doe, in his individual capacity, will proceed.

Notably, "[a]lthough designation of a 'John Doe' or [an] 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio Mar. 10, 2009) (collecting cases); *accord Cowan v. DOE SOCF Defendants*, No. 1:23-CV-315, 2023 WL 4073681, at *4 (S.D. Ohio June 20, 2023), *report and recommendation adopted*, No. 23-CV-315, 2023 WL 4540773 (S.D. Ohio July 14, 2023).

> The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint should be dismissed on other grounds."

*Robinson*, 2009 WL 650383, at *2 (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Under the circumstances of this case, the Court finds it appropriate to permit service of the complaint on an entity or individual who could identify defendant John Doe through discovery. *See Cowan*, 2023 WL 4073681, at *4. Given defendant John Doe is alleged to be an officer/deputy with the Knox County Sheriff's Office ("KCSO")

[*see* Doc. 12, p. 4], the KCSO is in a position to know or determine the identity of the officer plaintiff has identified as John Doe. Accordingly, the Court shall order service of the summons and complaint upon the KCSO for this limited purpose only. Once KCSO is served and has filed a response to plaintiff's complaint, plaintiff shall be permitted to serve discovery upon KCSO to determine the identity of defendant John Doe. Upon discovery of the full name of defendant John Doe, plaintiff will be required to amend his complaint to identify him, and KCSO will be dismissed. *See Mincy v. Hamilton Cnty. Just. Ctr.*, No. 1:20-CV-822, 2021 WL 5754729, at *5 (S.D. Ohio Dec. 3, 2021) (collecting cases) ("The Court, however, believes that adding Sheriff McGuffey for the limited purpose of identifying the full names of the Defendant is the most pragmatic and expeditious option that preserves both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raises in his complaint.").

Before service may be issued on defendant John Doe, plaintiff must file a Motion to Issue Service that identifies defendant John Doe at which point the Court will, if appropriate, direct the Clerk of Court to send plaintiff a service packet and provide plaintiff with further instructions.

Accordingly, and based on all the above, the Court orders as follows:

1. The R&R [Doc. 12] is **ACCEPTED** and **ADOPTED** in whole.
2. Plaintiff's Fourth Amendment claim and negligence claim against defendant John Doe, in his individual capacity, **SHALL PROCEED**.

3. Plaintiff's remaining claims are **DISMISSED**.
4. The Clerk of Court is **DIRECTED** to send plaintiff a service packet (a blank summons and Form USM-285) for the Knox County Sheriff's Office, and plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within **twenty (20) days** of the receipt of this Memorandum Opinion and Order, to be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. The Clerk is further **DIRECTED** to include a copy of this Memorandum Opinion and Order in the packet forwarded to the U.S. Marshal.
5. The Clerk of Court is **DIRECTED** to add the Knox County Sheriff's Office as an interested party to the case.
6. Plaintiff **SHALL** file a Motion to Issue Service, if and when plaintiff discovers the identity of defendant John Doe.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE